United States District Court
Southern District of Texas
FILED
FEB 14 2023
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
February 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PAUL ALEXANDER SERRANO, § § **Plaintiff,** § § VS. § § EDDIE GARZA, DIRECTOR § OF THE TEXAS DEPARTMENT § OF CORRECTIONS, *et al.*, § § **Defendant.** § | CIVIL ACTION NO. 7:22-CV-0347 |

## REPORT AND RECOMMENDATION

Plaintiff PAUL ALEXANDER SERRANO, a state pretrial detainee appearing pro se, brings this action seeking redress for alleged violations of his constitutional rights during the period of his pretrial detention at the Hidalgo County Adult Detention Center. Pending now are Plaintiff's request for entry of default (Dkt. No. 18) and a motion for default judgment (Dkt. No. 17) (collectively, the "Motions for Default") directed against the named defendants. The Motions for Default are premature insofar as they were filed while an application by Plaintiff to proceed in forma pauperis under 28 U.S.C. § 1915 of the Prison Litigation Reform Act ("PLRA") was under consideration and the Magistrate Judge is currently screening the complaint for dismissal or service of process under 28 U.S.C. § 1915A.

This action, including the Motions for Default, has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). After review of the record and relevant law, the Magistrate Judge RECOMMENDS that the Motions for Default (Dkt. Nos. 17, 18) be DENIED without prejudice.

## I. BACKGROUND

Plaintiff initiated this case by filing his complaint together with a motion for appointment of counsel. (Dkt. Nos. 1, 2).

The Magistrate Judge issued an order requiring that Plaintiff either: (1) pay the civil action filing fee associated with bringing a civil action as generally required by 28 U.S.C. § 1914; or (2) file an application to proceed in forma pauperis, together with the necessary documentation, as otherwise specified by § 1915. (Dkt. No. 3). Plaintiff was advised that, pursuant to the PLRA, an application to proceed in forma pauperis must include an affidavit asserting the prisoner's inability to pay the filing fee and stating the prisoner's belief that they are entitled to relief, 28 U.S.C. § 1915(a)(1), as well as a certified copy of the prisoner's trust fund account statement (or institutional equivalent) "for the 6-month period immediately preceding the filing of the complaint" from any institutions where the prisoner has been confined, *id.* § 1915(a)(2). The Magistrate Judge also denied without prejudice Plaintiff's motion for appointment of counsel, noting that Plaintiff would be free to re-file the motion once the case had been screened for dismissal or service of the complaint under § 1915A. (Dkt. No. 3 at 2-3).

Plaintiff proceeded to submit several filings—like interrogatories and a motion to amend the complaint—alongside an application to proceed in forma pauperis. (*See* Dkt. Nos. 4, 5, 6, 7). The application consisted of an affidavit of indigency (Dkt. No. 5) and a letter concerning Plaintiff's inability to obtain his trust fund account statement from institutional officials (Dkt. No. 5-1). Considering the representations in Plaintiff's letter, the Magistrate Judge issued an order affording Plaintiff another opportunity to obtain and submit the statement. (Dkt. No. 8).

Plaintiff then submitted another round of filings, including a subsequent letter as to his continued efforts to obtain his trust fund account statement (Dkt. No. 12), as well as a second

amended complaint (Dkt. No. 13), a second motion for appointment of counsel (Dkt. No. 14), a motion to compel discovery (Dkt. No. 16), and the Motions for Default (Dkt. Nos. 17, 18).[1]

On December 9, 2022, the Magistrate Judge issued an order denying or otherwise striking most of Plaintiff's pre-trial motions. (*See* Dkt. No. 23). As for the Motions for Default, the Magistrate Judge advised Plaintiff that they were premature insofar as his in forma pauperis application was still under review and the complaint had yet to be served on the named defendants. (*Id.* at 2). The Magistrate Judge also noted that the complaint was still being screened for dismissal or service under § 1915A. (*Id.*). Plaintiff was thus ordered to submit, within thirty days, either (1) a letter advising that he was voluntarily withdrawing the Motions for Default, or (2) a brief showing good cause why the Motions for Default should not be denied. (*Id.*). Plaintiff was warned that if he did not withdraw the Motions for Default or otherwise show good cause, the Magistrate Judge would recommend to the District Judge that they be denied. (*Id.*).

More than thirty days have elapsed, but Plaintiff has provided neither notice of withdrawal nor briefing in support of good cause.

Contemporaneous with this report, the Magistrate Judge has issued an order granting Plaintiff's application to proceed in forma pauperis. Nonetheless, service of process has yet to be ordered. As noted in the contemporaneous order, service of process will be withheld at this time pending screening of the complaint under § 1915A, which may call for a hearing under *Spears v.*

---

[1] With these filings, Plaintiff also submitted a notice of appeal (Dkt. No. 19), followed sometime later by an application to proceed on appeal in forma pauperis (Dkt. No. 21). Pending review by the District Judge is a separate report and recommendation for the denial of in forma pauperis status on appeal. (Dkt. No. 22). As noted in that report, although the subject of the appeal is unclear, no appealable orders have been issued in this case thus far. (*Id.* at 5-6). When an appeal is taken from a non-appealable interlocutory order, the district court is not divested of jurisdiction. *See Tyler v. Ocwen Loan Servicing*, 2015 WL 5398478, at *1 n.1 (N.D. Tex. Sept. 14, 2015) (citing *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989)); *see also United States v. Hitchmon*, 602 F.2d 689, 693 (5th Cir. 1979) (en banc).

*McCotter*, 766 F.2d 179 (5th Cir. 1985), or a questionnaire under *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976), to determine the particulars of Plaintiff's allegations.

## II. DISCUSSION

The filing of a civil action in federal court generally requires the advance payment of a statutory filing fee (plus administrative fees). 28 U.S.C. § 1914. Advance payment may be waived, however, where a plaintiff meets the in forma pauperis requirements of 28 U.S.C. § 1915(a). For a prisoner, this involves submitting an affidavit of indigency along with a certified copy of their institutional trust fund statement. *See* 28 U.S.C. § 1915(a)(1), (2).

Once these requirements are met and the prisoner is granted in forma pauperis status, the court may order the issuance of process, which will be served by the court's officers. *See id.* § 1915(d). Should process be served and the defendant fail to plead or defend, only then may the clerk enter the defendant's default under Rule 55(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a). The clerk may also enter default judgment under Rule 55(b)(1) if the claim is for a sum certain or a sum that can be made certain by computation. *See* Fed. R. Civ. P. 55(b)(1). Otherwise, the prisoner must apply for a default judgment under Rule 55(b)(2), which initiates proceedings to determine matters like the amount of damages. *See* Fed. R. Civ. P. 55(b)(2).

Here, the Motions for Default should be denied because Plaintiff's complaint is still being screened for dismissal or service under § 1915A, such that the named defendants have yet to even be served with process.

## III. CONCLUSION

After review of the record and relevant law, the Magistrate Judge RECOMMENDS that the Motions for Default (Dkt. Nos. 17, 18) be DENIED without prejudice.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 14th day of February 2023.

J. SCOTT HACKER
United States Magistrate Judge